FILED

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2015 MAR 31  P 2: 54

CLERK US ~~~~~~~ ~~~~~
ALEX~~~~~~ ~~~~~~

| | |
|---|---|
| CESAR ALFARO and MICHAEL KELLY, *on behalf of themselves and all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> FIRST ADVANTAGE LNS SCREENING SOLUIONS, INC. d/b/a FIRST ADVANTAGE BACKGROUND SERVICES CORP. <br><br> SERVE: Corporation Service Company <br>       Bank of America Center <br>       1111 East Main Street <br>       16th Floor <br>       Richmond, VA 23219 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.: _1:15CV530_ <br> _LOG / TCB_ |

COMES NOW the Plaintiffs, Ceasar Alfaro and Michael Kelly ("Plaintiffs"), on behalf of themselves and all similarly situated individuals, by counsel, and as for their Class Complaint against the Defendant, they allege as follows:

### PRELIMINARY STATEMENT

1.    This is an action for statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"). The FCRA imposes several important procedural requirements on employers that use a consumer's public records background check that are designed to protect consumers like the Plaintiffs.

Plaintiff Alfaro was denied housing because as part of his application process, his potential landlord obtained an inaccurate consumer report from First Advantage LNS Screening Solutions, Inc. d/b/a First Advantage Background Services Corp. ("First Advantage"). Likewise Plaintiff Kelly was denied the ability to sell certain insurance products as part of his employment due to inaccuracies in consumer report from First Advantage. Both consumer reports contained materially false and derogatory information regarding the Plaintiffs.

2.      Both Plaintiffs wrote to First Advantage and requested a full copy of their consumer file. The consumer reports failed to identify the source(s) of the derogatory and incomplete public record information and did not update the disposition of the public record information in consumer reports about the Plaintiffs. In addition, First Advantage did not provide a current or complete Summary of Rights pursuant to the FCRA as part of Plaintiffs' file disclosure. Accordingly, Plaintiffs bring individual claims against First Advantage for failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and credit files it published and maintained concerning them and failing to provide him a complete copy of his consumer file disclosure in violation of the FCRA.

**JURISDICTION**

3.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

4.      Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      The Plaintiff, Cesar Alfaro ("Mr. Alfaro"), is a natural person, and at all times

2

relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

6.      The Plaintiff, Michael Kelly ("Mr. Kelly"), is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

7.      Defendant First Advantage is a Georgia corporation that at all times relevant to the Complaint was doing business in the Commonwealth of Virginia.

8.      First Advantage is a is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) that regularly conducts business in the Commonwealth of Virginia. Real Page is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

## STATEMENT OF FACTS

### *Facts as to Plaintiff Alfaro*

9.      Plaintiff Alfaro applied to rent an apartment in April 2013.

10.     On or around April 1, 2013, First Advantage[1] prepared a consumer report regarding Plaintiff and provided it to the apartment complex for a fee.

11.     The report sold by First Advantage contained derogatory and inaccurate information relating to Plaintiff, including that he had five legal items regarding unpaid debts that did not belong to him.

12.     Upon information and belief, this incorrect reporting was caused by First Advantage's failure to follow reasonable procedures to assure maximum possible accuracy in the

---

[1] In March 2013, First Advantage's parent company, Symphony Technology Solutions, acquired LexisNexis Screening Solutions. First Advantage is LexisNexis Screening Solutions' successor so the Complaint alleges all facts as to First Advantage.

preparation of the consumer reports and consumer files it publishes and maintains concerning Mr. Alfaro.

13.     Mr. Alfaro was informed that he would not be able to rent the apartment due to these derogatory, inaccurate items in his consumer report.

14.     He immediately called First Advantage and demanded that they delete the derogatory public record information from his report that did not belong to him. First Advantage refused and instructed him to contact Equifax if there was something inaccurate in his consumer report.

15.     Mr. Alfaro requested a copy of his First Advantage consumer disclosure.

16.     Mr. Alfaro received his First Advantage consumer disclosure and saw the five, inaccurate "Legal items" in his consumer file. None of these items belonged to him.

17.     In addition, there was another heading labelled "Landlord debts" that had four, inaccurate public record items relating to unpaid homeowners' association debts. None of these items belonged to him.

18.     In this report, First Advantage failed to provide the name of the source(s) of the incorrect public record information in Plaintiff's' file.

19.     Instead, First Advantage's consumer disclosure altogether omits the source(s) of the public record information in Mr. Alfaro's file and even fails to identify the courthouse where the case was filed.

20.     Upon information and belief, as a matter of common practice, First Advantage obtains the information it reports about consumers from an intermediary entity that resells its public record database to First Advantage. First Advantage does not receive any public records directly from courts.

4

21.     Moreover, if and when First Advantage receives a request from a consumer for the information in his or her file, First Advantage never identifies the source(s) of information that provided the public records to Real Page, who is an undisclosed private company (also referred to as the "Vendor") from which it purchased the reports.

22.     Upon information and belief, First Advantage obtained this public record information regarding the Mr. Alfaro and all putative class members from the same Vendor.

23.     This Vendor is a "source" as governed by the FCRA and triggers certain responsibilities for First Advantage about the data furnished through this relationship.

24.     Notwithstanding this reality, First Advantage failed to disclose and entirely omitted the source of the information in Plaintiff's files in violation of 15 U.S.C. § 1681g(a)(2).

25.     Additionally, each of these derogatory public record items had a status of "Filed" and was incomplete because it had not been updated to reflect the case disposition (ie: judgment, dismissed, vacated, satisfied, etc.) that was in the courthouse records.

26.     Upon information and belief, this incomplete reporting was caused by First Advantage's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the public record information in consumer reports and consumer files it publishes and maintains concerning Mr. Alfaro.

27.     Furthermore, the "Summary of Rights" that the Defendant attached to the Mr. Alfaro's consumer disclosure did not comply with the FCRA.

28.     For example and without limitation, the "Summary of Rights" that the Defendant provided to the Mr. Alfaro did not contain the complete contact information or identify all of the required entities (ie: the Federal Trade Commission is omitted) in the form.

***Facts as to Plaintiff Kelly***

5

29.     On or about August 22, 2013, as part of a routine employment background screening First Advantage procured a consumer report about Plaintiff Kelly for an employment purpose to AXA Equitable Life Insurance Company.

30.     The report sold by First Advantage contained derogatory and inaccurate information relating to Plaintiff, including that he had a court case filed against him for an unpaid debts that did not belong to him.

31.     Upon information and belief, this incorrect reporting was caused by First Advantage's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files it publishes and maintains concerning Mr. Kelly.

32.     Mr. Kelly was informed that he would not be able to sell a particular insurance product due to this derogatory, inaccurate item in his consumer report.

33.     Mr. Kelly subsequently requested a copy of his First Advantage consumer disclosure.

34.     Mr. Kelly received his First Advantage consumer disclosure and saw the inaccurate public record information in his consumer file. This debt did not belong to him.

35.     Additionally, the derogatory public record items had a "Filing Date" but nothing was filled in for disposition, rendering the public record information incomplete because it had not been updated to reflect the case disposition that was in the courthouse records.

36.     Upon information and belief, this incomplete reporting was caused by First Advantage's failure to follow reasonable procedures to assure maximum possible accuracy in the preparation of the public record information in consumer reports and consumer files it publishes and maintains concerning Mr. Kelly.

37.     Furthermore, the "Summary of Rights" that the Defendant attached to the Mr. Kelly's consumer disclosure did not comply with the FCRA.

38.     For example and without limitation, the "Summary of Rights" that the Defendant provided to the Mr. Kelly did not contain the complete contact information or identify all of the required entities (ie: the Federal Trade Commission is omitted) in the form.

39.     At all times pertinent to this Complaint, First Advantage's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, First Advantage's conduct is willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that First Advantage and other consumer reporting agencies have been subject to court decisions in other states critical of similar conduct; and First Advantage will continue to engage in this conduct because it believes that there is greater economic value in hiding information from consumers, as well as collecting and reporting derogatory public record information than updating consumers' reports with information that would fully cancel or render the previous reporting of the public record irrelevant.

## COUNT ONE: VIOLATION OF 15 U.S.C. § 1681g(a)(2)
## CLASS CLAIM

40.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

41.     The 1681g(a)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class initially defined as follows ("the 1681g(a)(2) Class"):

> All natural persons who requested a copy of their consumer report (or consumer file) from First Advantage on or after March 31, 2010, and received a report that did not failed to identify the source(s) of the information for any public record data in the report.

42.     Numerosity. Upon information and belief, the Plaintiffs allege that the 1681g(a)(2) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and/or through of its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

43.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether First Advantage failed to properly disclose and/or falsely identified the source of its public record information in consumer's consumer files; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and putative class members.

44.     Typicality. Plaintiffs' claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(a)(2). This claim challenges First Advantage's consumer report disclosures and does not depend on any individualized facts. Upon information and belief, First Advantage obtains all of its public record information from the same contract from the same public record vendor as to all of the putative class members. First Advantage's notice and knowledge of the challenged reporting problem is the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiffs seek only statutory and punitive damages. Plaintiffs would seek individual or actual damages only if

class certification is denied. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

45.     Adequacy. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiffs nor their counsel have any interests that might cause him not to vigorously pursue this action. Plaintiffs are aware of his responsibilities to the putative class and has accepted such responsibilities.

46.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.      As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by First Advantage's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would

be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

47.     Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to disclosure the source of the name of the source of the information in a consumer's file at the time of the request.

48.     In the alternative, Defendant violated 15 U.S.C. § 1681g(a)(2) by falsely identifying the source of the information in a consumer's file.

49.     Defendant's violation of 15 U.S.C. § 1681g(a)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

50.     Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(f)(2)
## CLASS CLAIM

51.     Plaintiff Alfaro restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52.     The 1681i(f)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiff Alfaro brings this action individually and on behalf of a class initially defined as follows ("the 1681i(f)(2) Class"):

> All natural persons who disputed the completeness or accuracy of information in a consumer report after March 31, 2013, and whose First Advantage's records indicate it did not attempt to determine whether the item or information was inaccurate of incomplete as a result of its act or omission.

53.     Numerosity. Upon information and belief, the Plaintiff Alfaro alleges that the 1681i(f)(2) Class is so numerous that joinder of the claims of all class members is impractical.

The names and addresses of the class members are identifiable through documents maintained by the Defendant. The class members may be notified of the pendency of this action by published and/or mailed notice.

54.    Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether First Advantage failed to determine whether the information in the consumer reports was the result of its own inaccuracy or omission; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff Alfaro and putative class members.

55.    Typicality. Plaintiff Alfaro's claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(a)(2). This claim challenges First Advantage's consumer report disclosures and does not depend on any individualized facts. Upon information and belief, First Advantage systematically refuses to investigate information in its files as to all of the putative class members. First Advantage's notice and knowledge of its obligations are the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiff Alfaro seeks only statutory and punitive damages. Plaintiff Alfaro would seek individual or actual damages only if class certification is denied. In addition, Plaintiff Alfaro is entitled to the relief under the same causes of action as the other members of the class.

56.    Adequacy. Plaintiff Alfaro will fairly and adequately protect the interests of the class. Plaintiff Alfaro has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiff Alfaro nor his counsel have any interests that might cause him not to vigorously pursue this action. Plaintiff Alfaro is aware of his responsibilities to the putative class and has accepted such responsibilities.

57.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by First Advantage's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law for every similarly situated

consumer.

58.    Defendant violated 15 U.S.C. § 1681i(f)(2) by failing to determine if the disputed item was a result of First Advantage's own act or omission.

59.    Defendant's violation of 15 U.S.C. § 1681i(f)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff Alfaro to recover under 15 U.S.C. § 1681o.

60.    Plaintiff Alfaro and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT THREE: VIOLATION OF 15 U.S.C. § 1681e(b)
## CLASS CLAIM

61.    Plaintiff Alfaro restates each of the allegations in the preceding paragraphs as if set forth at length herein.

62.    The 1681e(b) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiff Alfaro brings this action individually and on behalf of a class initially defined as follows ("the 1681e(b) Class"):

> All natural persons in Virginia whom: (i) First Advantage's records note a consumer report was furnished to a third party on or after March 31, 2010; (ii) indicating that the consumer had a General District Court civil case filed against them; and (iii)  and the computer database of the Supreme Court of Virginia shows the case was updated to reflect a judgment, dismissal, satisfaction, or vacated.

63.    Numerosity. Upon information and belief, the Plaintiff Alfaro alleges that the 1681e(b) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and/or through of its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

64.     Existence and Predominance of Common Questions of Law and Fact. Common
questions of law and fact exist as to all putative class members. These questions predominate
over the questions affecting only individual members. These common legal and factual questions
include, among other things: (a) whether First Advantage, as a matter of policy and practice,
indicated that a consumer had a General District Court civil public record filed against them, if
any; (b) whether First Advantage adopted procedures that collected and reported updates to
General District Court civil cases that were less systematic and effective than those it used to
initially collect and report the cases;  (c) whether this conduct constituted a violation of the
FCRA; and (d) whether the violation was negligent, reckless, knowing, or intentionally
committed in conscious disregard of the rights of the Plaintiffs and putative class members.

65.     Typicality. Plaintiff Alfaro's claims are typical of the claims of each putative
class member and all are based on the same facts and legal theories. Plaintiff Alfaro, as every
putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681e(b).
This claim challenges First Advantage's consumer reporting procedures and does not depend on
any individualized facts. Upon information and belief, First Advantage First Advantage obtains
all of its Virginia General District Court records under the same contract from the same vendor.
Plaintiffs as for the putative class. First Advantage's notice and knowledge of the challenged
reporting problem is the same for Plaintiff Alfaro and for the putative class.  For purposes of
class certification, Plaintiffs seek only statutory and punitive damages. Plaintiffs would seek
individual or actual damages only if class certification is denied. In addition, Plaintiffs are
entitled to the relief under the same causes of action as the other members of the class.

66.     Adequacy. Plaintiff Alfaro will fairly and adequately protect the interests of the
class.  Plaintiff Alfaro has retained counsel experienced in handling actions involving unlawful

14

practices against consumers and class actions.  Neither Plaintiff Alfaro nor his counsel have any interests that might cause him not to vigorously pursue this action. Plaintiff Alfaro is aware of his responsibilities to the putative class and has accepted such responsibilities.

67.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by First Advantage's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law for every similarly situated consumer.

68.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff Alfaro and putative class members.

69.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling Plaintiff Alfaro to recover under 15 U.S.C. § 1681o.

70.     Plaintiff Alfaro and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681g(c)(2) CLASS CLAIM

71.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

72.     The 1681g(c)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class initially defined as follows ("the 1681g(c)(2) Class"):

> All natural persons who requested a copy of their consumer report (or consumer file) from First Advantage on or after January 1, 2013, and received a report that did not contain the current "Summary of Rights" required by the Fair Credit Reporting Act and as promulgated by the Consumer Financial Protection Bureau.

73.     Numerosity. Upon information and belief, the Plaintiffs allege that the 1681g(c)(2) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and/or through of its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

74.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate

over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether First Advantage failed to use the correct or complete "Summary of Rights" disclosure; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and putative class members.

75.     Typicality. Plaintiffs' claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(c)(2). This claim challenges First Advantage's consumer report disclosures and does not depend on any individualized facts. Upon information and belief, First Advantage sends the same "Summary of Rights" disclosure to all of the putative class members. First Advantage's notice and knowledge of the challenged reporting problem is the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiffs seek only statutory and punitive damages. Plaintiffs would seek individual or actual damages only if class certification is denied. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

76.     Adequacy. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiffs nor their counsel have any interests that might cause him not to vigorously pursue this action. Plaintiffs are aware of his responsibilities to the putative class and has accepted such responsibilities.

77.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a. As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by First Advantage's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

78. Defendant violated 15 U.S.C. § 1681g(c)(2) by failing to include the required information in the "Summary of Rights" prepared by the Consumer Financial Protection Bureau in the Plaintiff's and putative class members' written disclosures.

79. Defendant's violation of 15 U.S.C. § 1681g(c)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

80. Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT FIVE: VIOLATION OF 15 U.S.C. § 1681e(b)
### Plaintiffs' Individual Claims

81. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

82. Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning Plaintiff Alfaro and Plaintiff Kelly.

83. As a result of Defendant First Advantage's conduct, action, and inaction, Plaintiffs each suffered actual damages. Mr. Alfaro was denied an apartment rental. Mr. Kelly was denied the ability to continue to sell certain insurance products.

84. Defendant First Advantage's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

85. Plaintiffs are entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, moves for class certification, statutory, and punitive damages, and attorney's fees and costs against First Advantage for their class claim, as well as statutory, actual, and punitive damages,

and attorney's fees and costs against First Advantage for their respective individual claims; for

pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does

deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**CEASAR ALFARO and MICHAEL KELLY,**
*on behalf of themselves and of all similarly situated
individuals*

By:_____
Of Counsel

Kristi Cahoon Kelly, VSB No. 72791
Andrew J. Guzzo, VSB No. 82170
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Tel:    (703) 424-7572
Fax:    (703) 591-0167
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for the Plaintiffs*